UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE STEELE (#180309)

VERSUS                                          CIVIL ACTION

RICHARD STALDER, ET AL                          NUMBER 08-436-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 23, 2009.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE STEELE (#180309)

VERSUS                                                CIVIL ACTION

RICHARD STALDER, ET AL                                NUMBER 08-436-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 10. The motion is not opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Hunt Correctional Center Warden Cornel H. Hubert and Deputy Warden James Bueche. Plaintiff alleged that while confined at Hunt Correctional Center he was placed on restrictive cell confinement in violation of his constitutional rights.

Defendants moved for summary judgment relying on the affidavits of Richard Stalder, Cornel H. Hubert and James Bueche, copies of The Restrictive Cell Program policy and amendments, copies of disciplinary and warden's unusual occurrence reports issued to the plaintiff, the plaintiff's Administrative Remedy Procedure EHCC 2007-423 records (hereafter, ARP), and a copy of portions of the Disciplinary Rules and Procedures for Adult

Inmates.[1]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that on January 6, March 13 and 26, July 4, 16 and 25, and August 17, 2007, he was placed on restrictive cell status after being issued disciplinary reports.  Plaintiff alleged that he filed an ARP complaining about his placement on restrictive cell status.  Plaintiff alleged that Deputy Warden Bueche and Secretary Stalder denied his administrative grievance.  Plaintiff alleged that an inmate placed on restrictive cell status has no access to his personal property, only limited access to his legal materials, and is confined in a cell with only a mattress and a pink paper gown.

Plaintiff alleged that following the issuance of a disciplinary report he was classified to restrictive cell status even though he had not yet been found guilty of a disciplinary infraction.

Classification of inmates in Louisiana is the duty of the

---

[1] Defendants also relied on other documents which have been considered but which are not enumerated in this report.

Louisiana Department of Corrections and inmates have no right to a particular classification under state law. *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979.) Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Plaintiff alleged that while confined on restrictive cell status he was subjected to unconstitutional conditions of confinement. Specifically, the plaintiff alleged that he was not permitted to keep his toiletries, bedding, and personal property in his cell. Plaintiff alleged that he was provided a pink paper gown and a mattress and was required to wear a spit mask when removed from his cell.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct.

3

2321, 2327 (1991).[2]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

The summary judgment evidence showed that an inmate classified to The Restrictive Cell Program has his status reviewed every seven days.[3]  While confined to restrictive cell status an inmate has access to regular and legal mail, may receive assistance from a legal counsel substitute, is permitted a shower and shave three times per week and is given a paper gown daily.[4]

Plaintiff did not allege, nor is there any evidence in the record to support finding, that the plaintiff was deprived of a single identifiable human need as a result of the conditions of his confinement for the periods at issue.

Plaintiff alleged that Secretary Stalder and Deputy Warden

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. 294, 111 S.Ct. at 2321.

[3] Defendants exhibit 2.

[4] *Id.*

4

Bueche issued an unfavorable response to his administrative grievance.

Plaintiff does not have a constitutional right to a favorable response to his administrative grievance.  Defendants are entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial.  It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, February 23, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE